UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GORDON L. PEDERSON, pro se<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN PFUHL - VANCOUVER POLICE OFFICER, PAUL FISK - VANCOUVER POLICE OFFICER, *et al.*,<br><br>Defendants. | No. C05-5717 RBL<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants Clark Regional Emergency Services Agency (hereinafter "CRESA") and Debra Butchard's motion for summary judgment. [Dkt. #50]  The Court, having considered the records and file herein, now finds and rules as follows:

BACKGROUND

This dispute arises from a series of events occurring on September 4, 2003. [Dkt. #1-2 at p. 2] That afternoon, plaintiff became involved in an altercation with two officers from the Vancouver Police Department, defendants Stephen Pfuhl and Paul Fisk, who had come to plaintiff's son's mother's home to investigate allegations that plaintiff's son and his girlfriend had been assaulted on their way home from

school. [Dkt. #1-2 at p. 2-6] Plaintiff was arrested and charged with resisting arrest and obstructing a police officer. [Dkt. #4 at p. 2] During the course of plaintiff's criminal proceedings, he attempted, both through discovery and with direct contact with defendants CRESA and Butchard, to obtain copies of audio recordings of 911 calls that were, he alleges, made during the course of his altercation with the two officers. [Dkt. #4, at p. 3-9]

On October 28, 2003 and October 29, 2003, plaintiff filed requests with CRESA for audio copies of the 911 calls made on September 4. He was told the tapes would be ready within five days. On November 18, 2003, plaintiff's request was denied. He received notification of this on November 25, 2003.

A few days earlier, on November 10, plaintiff had returned to CRESA, because he had not yet received the tapes, and was told that there was a backlog, but that the tapes would be ready in another five days. A week later, plaintiff returned to CRESA, and was again told he'd have the information soon. Finally, on November 25, plaintiff was put in contact with Debra Butchard, a data analyst for CRESA. She informed him that the Vancouver City Attorney's office had denied his access to the calls. Ms. Butchard also apparently had difficulty discerning precisely which calls plaintiff was requesting, as different calls, even regarding the same incident, are categorized differently. Summary Judgment Reply Declaration of Debra Butchard at 2.

At plaintiff's criminal trial, defendant Butchard testified that the tape used at trial was an accurate and complete copy. However, plaintiff asserts that a neighbor, Jennifer Scandale, made additional 911 calls, which were not included in the tape used at trial. Further, multiple witnesses, plaintiff asserts, knew of Ms. Scandale's 911 calls.

On August 2, 2005, presumably after the close of plaintiff's criminal proceedings, plaintiff again contacted CRESA for copies of the 911 audio recordings or 911 history entries. Ten days later, plaintiff spoke by phone with Ms. Butchard, who informed him that she could provide copies, but they had been deleted. Plaintiff was able to acquire two separate histories of 911 calls made regarding the incident.

Plaintiff has filed a claim under 42 U.S.C. § 1983 against Officers Pfuhl and Fisk, as well as CRESA and Ms. Butchard for violations of his civil rights. Defendants CRESA and Butchard are now moving for summary judgment on multiple grounds.

## DISCUSSION

Plaintiff Pederson has appeared pro se. Courts in this Circuit have long held that, particularly where a pro se petitioner is facing dismissal, the court will construe his or her pleadings liberally. *See Balistreri v. Pacifica Police Dept*. 901 F.2d 696, 699 (9th Cir. 1990); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) ("[W]e have an obligation where the petitioner is pro se. . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.") The court is aware of and has applied this rule of liberality.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are

3

irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy*, 68 F.3d at 122.

**I. Plaintiff Has Not Alleged Federally Protected Rights Were Violated by Defendants CRESA and Butchard**

Plaintiff has alleged that defendants CRESA and Butchard have violated his civil rights by refusing to provide him with copies of the 911 calls made during his altercation with police. 42 U.S.C. § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "To make out a cause of action under § 1983, plaintiffs must plead that . . . [defendants] deprived [the plaintiff] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Specifically, the plaintiff must show that (1) a person (2) acting under color of state law (3) proximately caused (4) a violation of his rights protected by the Constitution or created by federal statute. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Further, the plaintiff must show the violation of a federal right, not a federal statute. *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997), citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106, 110 S.Ct. 444, 107 L.Ed.2d 420 (1989).

In his complaint, the plaintiff must articulate the facts pertaining to each defendant's action that led to the violation of the right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Those facts must demonstrate that the defendant's action or inaction was the "actual and proximate cause of any

4

constitutional violation." *Id*. Even if the right has been articulated, "sweeping conclusory allegations will not suffice to prevent summary judgment." *Id*.

Here, plaintiff has neither identified the right that defendants CRESA and Butchard violated, nor articulated how their actions amounted to the cause of a violation of constitutional or federally created rights. And while the Court must construe a pro se plaintiff's complaint liberally, "[a] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (internal quotations omitted); *see also Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Although here plaintiff has very clearly articulated the events that may or may not have led to a violation of his constitutional rights by defendants Pfuhl and Fisk, he has not alleged any action on the part of defendants CRESA or Butchard that led to a violation. Plaintiff does list a series of rights in his response to defendants' motion, but a mere list of rights is, quite simply, insufficient. Further, even if the Court were to accept plaintiff's list of rights as acceptable identification for purposes of a § 1983 action, he has not included, in either his response to defendants' motion or in his complaint or supplemented complaint, the facts or events that led to the violation of those rights.

Since the plaintiff's complaint, supplemented complaint and response to defendants' motion for summary judgment contain neither rights that have been identified, nor an allegation of how defendants CRESA and Butchard violated those rights, their motion for summary judgment must be GRANTED.

**II. CRESA Is Not Vicariously Liable for Defendant Butchard's Actions**

Plaintiff also alleges that defendant CRESA is vicariously liable for the actions of defendant Butchard. It is well settled that "a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018,

5

56 L.Ed.2d 611 (1978). Municipalities can be held liable if their custom leads to the violation of the constitutional right. *Id.* at 690-91. However, the plaintiff "must allege that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized city policy." *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986). Plaintiff must also show that "through [the municipality's] *deliberate* conduct, [it] was the moving force behind the injury alleged." *Bd. of the County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (emphasis in original).

Here, not only has plaintiff not shown in either his complaint, amended complaint, or response to the summary judgment motion that the CRESA had a policy or custom that led to his injury, he has also failed to demonstrate that CRESA was the moving force behind his alleged injury. Plaintiff has neither alleged that CRESA had a policy that violated his constitutional rights, nor has he alleged that CRESA was the moving force behind his injury. Further, he has not even responded to defendant CRESA's arguments. Since plaintiff has entirely failed to identify any federal right that has been explicitly violated by CRESA, or to identify how CRESA's policy or actions led to a violation of his constitutional rights, defendant CRESA's motion must be GRANTED.

**III. Defendant Butchard is Qualifiedly Immune from Suit**

Defendant Butchard has argued that she is immune from suit under the principle of qualified immunity. Government officials are "entitled to some form of immunity from suits for damages." *Harlow v. Fitzgerald*, 457 U.S. 800, 806, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). State actors other than those at the highest level, such as judges, legislators and the President of the United States, are covered under the principle of qualified immunity.[1] *See Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d

---

[1] The Court assumes that, as neither party has alleged otherwise, defendants CRESA and Butchard are state actors.

523 (1987). "[P]ublic officers require this protection to shield them from undue interference with their duties and from potentially disabling threats of liability." *Harlow*, 457 U.S. at 806.

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (internal quotations omitted)). The principle is an affirmative defense, and must be plead by the defendant official. *Harlow*, 457 U.S. at 806. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell*, 472 U.S. at 526.

In determining whether a defendant official is qualifiedly immune, the Court examines two distinct questions. First, "the Court must determine, as a threshold question, whether the plaintiff has shown the deprivation of a constitutional right." *Deorle v. Rutherford*, 272 F.3d 1272 (9th Cir. 2001). The initial inquiry is whether, in the light most favorable to the party asserting the injury, the facts alleged show that the officer's conduct violated a constitutional right. *Saucier*, 533 U.S. at 201. Only if the plaintiff has shown that he has been deprived of a constitutional right may the Court continue to the second element, "whether the right violated was clearly established in a particularized sense: the relevant, dispositive inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Deorle*, 272 F.3d at 1278-79. If the allegations were established and there were still no violation of the constitutional right, however, the analysis ends there, and "there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201.

Here, plaintiff has not established in any way which constitutional or federal right may have been violated. In fact, the Court is hard pressed to discern what right, if any, plaintiff may have had that would have required CRESA and Butchard to provide him with copies of the 911 audio recordings. Defendant

Butchard did provide plaintiff with copies of the 911 call histories, Summary Judgment Reply Declaration of Debra Butchard at 2; however, plaintiff's inability to articulate the category of recordings he wanted Ms. Butchard to provide does not lead to a violation of any constitutional right guaranteed to him. Additionally, the recordings were preserved, according to defendant Butchard, for at least as long as statutorily required, and sometimes longer. Summary Judgment Reply Declaration of Debra Butchard at 2-3.

Further, plaintiff merely lists a number of rights that he alleges Ms. Butchard violated, without providing any assertions as to *how* those rights were violated. Simply listing a number of rights which every person in this country enjoys, without asserting how and in what manner the rights were violated is insufficient to withstand a motion for summary judgment and the defendant's assertion of qualified immunity. Therefore, defendant Butchard's motion for summary judgment on the grounds of qualified immunity must be GRANTED.

**IV. Conspiracy Allegation under 42 U.S.C. § 1985(3)**

Finally, plaintiff tangentially alleges that some sort of conspiracy existed between the Vancouver Police Department and defendants CRESA and Butchard. In order to establish a claim under 42 U.S.C. § 1985(3), which allows for recovery of damages against people who conspire to deprive a person of his constitutional or federally granted rights, the plaintiff must allege and prove each of the following: "(1) a conspiracy; (2) for the purpose of depriving . . . any person . . . of the equal protection of the laws . . . and (3) an act in furtherance of this conspiracy; (4) whereby a person is . . . deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corporation*, 978 F.2d 1529, 1536 (9th Cir. 1992). Again, plaintiff has not alleged, either in his complaint, supplemented complaint or response to defendants' motion to dismiss, that he was deprived of any Constitutional or federally granted right, or the specific acts

of defendants CRESA or Butchard that were causally connected to the deprivation of any right. Therefore, defendants' motion must be GRANTED.

## CONCLUSION

For the foregoing reasons, defendants CRESA and Butchard's motion for summary judgment [Dkt. #50] is GRANTED, and plaintiff's complaint is DISMISSED WITH PREJUDICE.

DATED this 5th day of September, 2006.

*Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE